## Mattingly-Lusky Realty Company v. Camper.

(Decided March 12, 1929.)

BECKHAM OVERSTREET and FIELDS, BYERS & MOORE for appellant.

HUMPHREY, CRAWFORD & MIDDLETON and LOUIS SEELBACH, JR., for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

The appellants, Mattingly-Lusky Realty Company, a partnership, brought this suit against the appellee, S. D.

Camper, for real estate commissions. It was defended on the ground that the plaintiff was not the procuring cause of the sale. A judgment was rendered on a directed verdict in favor of the defendant, returned under a peremptory instruction, given at the conclusion of all the evidence.

The material facts are these: The defendant owned the Glenmary Apartments in Louisville, which he valued at $28,000, and on which there was a lien of about $15,000. In June, 1926, he listed the property for sale with the Louisville Real Estate Board for an indefinite time. Under the listing any member of the board was authorized to procure a purchaser. He listed it also with other agents. About June 16th, the plaintiffs presented to Camper an offer from Mrs. Lillian A. Arnold to exchange her equities in a lot in Cherokee Village and some property in Marlowe court for his equity in the apartment house. This was promptly declined, and a counter proposition made by Camper that he would accept the offer and $4,000 in cash additional, which, upon being submitted to Mrs. Arnold, was with equal promptness rejected by her. It appears that a few days thereafter another offer was made by Mrs. Arnold, which appellants say was submitted to Camper, but which Camper says he never saw. At any rate, there was no acceptance. Shortly thereafter Camper placed a second mortgage on the apartment house, which he says relieved his financial condition, so that he abandoned for the time being any idea of disposing of his property. Mrs. Arnold testified that after these ineffectual negotiations in June, she had no further dealings with the appellants and lost interest in the matter. It does not appear that Camper communicated to the agents his change in mind, and the agents say their authority was never revoked; but neither does it appear that the agents ever submitted any other proposition to Camper or made any other effort whatsoever to sell or dispose of his property.

Some time in October following, Camper called at the office of Mrs. Arnold's husband, Dr. I. A. Arnold, and suggested his desire to dispose of his property. Dr. Arnold referred him to his wife, and he talked with her. Mr. Camper says that he knew her as the wife of Dr. Arnold, with whom he had some previous transactions, and did not recognize her as being Mrs. Lillian Arnold, the one who had made the other propositions. There is some contradiction as to this, but the issue does not seem

material. In this conversation in October, Mrs. Arnold told Camper she had concluded not to dispose of her lot in Cherokee Village, and nothing more was said about it at that time. However, about a month later Mrs. Arnold called Camper on the telephone, and shortly thereafter negotiations were renewed which resulted in the exchange of the Glenmary Apartments for the lot in Cherokee Village in the latter part of November, 1926; each party assuming the payment of mortgages on the respective properties. Mrs. Arnold had reduced the lien on her property since June. Camper testifies that in this exchange of equities, he realized $3,280 more than was offered in the previous June.

While it is made to appear that the appellants, Mattingly-Lusky Company, originally brought about the acquaintance of the parties, and the exchange involved the same property, it does not appear that they were the procuring cause of this immediate transaction. In his verbal opinion, preceding the direction of the verdict, the trial court correctly stated the law in this respect: ''The doctrine of procuring cause has its basis in the theory that when the owner of property engages the services of a broker to sell his property, and the broker secures a prospective purchaser, and such purchaser and the seller agree upon a price and terms without the further service of the broker, then the latter cannot be deprived of his commission by the act of the owner in concluding the negotiations without the assistance of the broker.''

He was also correct in his further opinion that where a real estate agent ceases his efforts to accomplish the purpose of his employment, such cessation is regarded in law as an abandonment of his agency.

The cancellation or rescission of an executory contract must be through a meeting of minds the same as the making of it. But such concurrence may be evidenced by the acts of the parties as well as by their expressed language. The evidence in this case discloses a purpose and intention on the part of the owner, after procuring the additional loan, not to dispose of his property for the time being and to rescind its listing. The inaction of the agents during the lapse of time intervening between their last efforts to effect a sale or exchange and the consummation of the trade between Mrs. Arnold and Mr. Camper on a different basis—a period of five months— clearly manifests a purpose and intention on their part

to abandon the employment. Consequently, the submission of the case to the jury was not required.

The rule is thus stated in Honaker v. Owens, etc., 204 Ky. 382, 264 S. W. 842:

> " 'When a broker opens negotiations but fails to bring the prospective purchaser and owner together, and they are abandoned without fault of the owner, and the latter subsequently sells to the same party, without further effort on the part of the broker, the owner is not liable to the broker for commissions.'
>
> . . .
>
> "The mere abandonment by the customer alone, however, is insufficient to justify the owner to make a sale that will defeat the broker in the collection of his compensation unless the broker likewise has abandoned his efforts to make such a sale to the customer."

A full discussion of the subject is given in that case, as well as in the more recent cases of Talbott v. Treacy, 213 Ky. 8, 280 S. W. 153, and C. Robert Peter & Co. v. Fix, 225 Ky. 198, 7 S. W. (2d) 1040, and a reiteration is not deemed necessary.

The judgment is affirmed.