## STERLING INVESTMENTS, INC. v. FRITZ POTTHOFF.

195 N. W. 2d 592.

March 3, 1972—No. 43170.

*Bergstrom, Dally, Davern & Larson, Stanley Bergstrom,* and *Carl R. Larson,* for appellant.

*Fitzpatrick, Larson & Fitzpatrick* and *S. G. Fitzpatrick,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and Mason, JJ.

PER CURIAM.

Plaintiff, a real estate broker, brought this action to recover $9,750 claimed as a commission due for obtaining a purchaser for lakeshore resort property owned by defendant. The trial court granted summary judgment for defendant. On plaintiff's appeal from the judgment, we affirm.

Plaintiff's claim was based upon a nonexclusive listing agreement signed by the defendant extending broad terms for the sale and a proposed purchase agreement signed by prospective buyers. The purchase contract procured by plaintiff and tendered to defendant for his acceptance varied materially from the terms of the sale authorized in the listing agreement. The variances were greater than those found sufficient to deny recovery of a broker's commission in Gopher State Business Opportunities, Inc. v. Stockman, 265 Minn. 185, 121 N. W. 2d 613 (1963). Indeed, the record, which includes a deposition of plaintiff's employee who alone conducted negotiations between the prospective buyers and defendant, established without factual challenge by plaintiff that no sale was consummated because the terms thereof were neither authorized by the listing agreement nor, as admitted by plaintiff's employee, acceptable to either defendant or buyers.

Since no genuine issue of any material fact was presented, the court properly concluded that as a matter of law plaintiff was not entitled

to recover. Fosbroke v. National Exchange Bank, 176 Minn. 357, 223 N. W. 603 (1929); Rees-Thomson-Scroggins, Inc. v. Nelson, 276 Minn. 453, 150 N. W. 2d 568 (1967).

Affirmed.